CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2005

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON MARTIN, #109323,<br>    Petitioner, | Civil Action No. 7:05-cv-00107 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, DIRECTOR,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Leon Martin, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Martin challenges the validity of his confinement under convictions entered against him on January 10, 2002, in the Circuit Court for Halifax County for conspiracy and possession of cocaine with intent to distribute. Respondent filed a motion to dismiss Martin's petition, and Martin responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Martin was tried before a judge in the Circuit Court for Halifax County on January 10, 2002. The judge found him guilty of conspiracy to distribute cocaine and of two counts of possession of cocaine with intent to distribute. The court sentenced Martin on February 22, 2002, to fifteen years in prison on each of these three convictions, but suspended thirteen years of the conspiracy sentence.[1] Martin appealed his convictions, arguing several claims of court error. The Court of Appeals of Virginia ultimately affirmed all five of Martin's convictions and the Supreme Court of Virginia refused his petition for appeal.

Martin filed his first habeas petition in the Circuit Court for Halifax County on January 21,

---

[1] On February 22, 2002, the court also sentenced Martin for two other convictions, entered against Martin on January 7, 2002, for possession of cocaine with intent to distribute; on each of these January 7 convictions, the court sentenced Martin to fifteen years, suspended. Martin brought a separate § 2254 petition challenging these two convictions, which this court dismissed by separate memorandum opinion and order. See Martin v. Johnson, Civil Action No. 7:05-cv-00091 (W.D. Va. 2005).

1

2003, while his appeal was still pending in the Court of Appeals. In this petition, he alleged that (A) trial counsel failed to object to the admission of audio and video tapes of the drug transaction; and (B) trial counsel did not let him inspect the documents received from the Commonwealth in discovery. The Circuit Court found no merit to these claims and dismissed the petition on June 23, 2003. Martin then moved to amend or withdraw his petition, but the court denied that motion on September 18, 2003. Martin did not appeal these Circuit Court rulings to the Supreme Court of Virginia.

Martin next filed two habeas petitions in the Supreme Court of Virginia on July 12, 2004. In one petition (Record No. 042009), he challenged only the two convictions from the January 7, 2002, trial, for possession of cocaine with intent to distribute, and in the other petition (Record No. 041634), he challenged the three convictions from the January 10, 2002, trial. In each of the petitions, he alleged identical grounds for relief. The Supreme Court of Virginia dismissed the two habeas petitions on December 16, 2004, finding that all of the claims were procedurally defaulted under Virginia Code § 8.01-654(B)(2) (barring habeas claims based on facts known to petitioner at time he brought previous habeas action).

Martin filed this federal petition on February 16, 2005, challenging the validity of his January 10, 2002. He alleged the same grounds he raised in his two state habeas petitions filed in July 2004, although in different order, A) trial counsel misadvised petitioner that he could not have a suppression hearing to examine the person who had received the drugs to be tested at the laboratory, but had to wait until trial to question him (State Habeas Claim C); B) trial counsel did not object that petitioner's speedy trial rights had been violated (State Habeas Claim A); C) trial counsel did not object to the prosecutor's failure to disclose that the Commonwealth's witnesses had testified falsely in denying that they had been promised leniency in exchange for testifying against petitioner (State Habeas Claim B); and D) the trial judge and court clerk interfered with petitioner's ability to comply with state procedural rules by refusing to allow him to withdraw his habeas petition while his direct appeal was still pending (State Habeas Claim D).

2

II.

Respondent argues that Martin's claims are barred from federal habeas review under the doctrine of procedural default. The court agrees.

Where the state supreme court has expressly relied on procedural default as an adequate and independent state law ground for denying relief on a constitutional claim, federal review of that claim is normally barred. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A federal court may review such defaulted claims only if petitioner excuses his default through a showing of cause for the default and resulting prejudice or a showing of actual innocence. Id. Furthermore, a federal court may not review a state court's finding of procedural default based on an adequate and independent state ground. Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998).

As stated, the Supreme Court of Virginia dismissed Martin's claims as procedurally defaulted under § 8.01-654(B)(2), Virginia's successive petition rule, because he knew the facts of his claims when he filed his previous petition in the trial court. This statute constitutes an independent and adequate state law ground barring federal habeas review of constitutional claims. Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir. 1977). This federal court cannot review the Supreme Court of Virginia's finding of default.[2] Thus, Martin's claims are procedurally barred from federal habeas review absent a showing of cause and prejudice or actual innocence.

Martin attempts to make these showings by arguing the merits of his speedy trial claim. This argument does not show cause for default of state habeas rules or demonstrate that he is actually innocent of the crimes. Martin also argues that the Circuit Court's refusal to dismiss his first habeas petition without prejudice "caused" him to commit procedural default. His true argument here is

---

[2] In any event, the record disproves Martin's argument that the default finding was erroneous. Specifically, Martin argues that his Circuit Court habeas petition challenged only the convictions from January 7, 2002, and that his petition in the Supreme Court of Virginia challenging the January 10, 2002, convictions was thus improperly ruled successive. However, Question 2 on the Circuit Court petition form indicates that he was challenging his sentence on all five convictions. Only after the Circuit Court dismissed his petition did Martin move to amend and correct this problem. Moreover, for reasons stated in Footnote 2 of respondent's motion to dismiss, the court cannot find that any of Martin's habeas claims have merit.

3

that court officials failed to relieve him of his default after they reasonably read his petition as challenging all of his convictions. As Martin fails to show "cause" for the default itself, or to show actual innocence, the court must dismiss his claims as procedurally defaulted. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 19th day of September, 2005.

Senior United States District Judge

4